No. 5021.

MARIA L. BARRON *v.* J. F. SOLLIBELLOS.

| | |
|---|---|
| 26 | 289 |
| 47 | 1058 |
| 47 | 1273 |
| 47 | 1275 |

It can not be contested that a married woman has a right to compromise a law suit pending against herself; and transactions have, between the interested parties, a force equal to the authority of the things adjudged.

It is difficult to imagine, in this instance, how it can be pretended that the money loaned by Sollibellos, the defendant in injunction, for enabling Mrs. Barron to effect a compromise about a suit brought against her, did not inure to her benefit, nor can she be listened to when saying that the debt on which she has been sued, was the debt of her husband, when the contrary is proved by the compromise thus agreed to with a view of putting an end to that law suit.

The interventions were improperly allowed in an injunction suit which was to prevent a sale. If the intervenors have privileges, they can only enforce them upon the proceeds of the sale of the property in the hands of the sheriff; and if any part of the property seized is claimed to belong to some one else than the debtor who injoined, that claimant's remedy is by injunction obtained according to law.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. M. Ryan, R. T. Bowman, Hudson & Fearn,* for plaintiff and appellee. *R. P. Hunter,* for defendant and appellant. *W. A. Seay,* for intervenors.

LUDELING, C. J. This is an injunction suit to prevent the execution of the *fieri facias* issued under a judgment by confession made by the plaintiff, a married woman, in favor of Joseph F. Sollibellos.

The facts disclosed by the evidence on the record are that the plaintiff and her sister owned a plantation; that James Barron managed the plantation, and that in 1868 Ar. Miltenberger, the commission merchant who had furnished said plantation, had an account for $27,-924 67, which he claimed was due by Mrs. Barron and her sister, and. he instituted suit thereon against them in the United States Court at New Orleans. Judge M. Ryan was employed by Mrs. Barron and Miss Barron to defend the suit, and James Barron went down to New Orleans to attend to the suit. On his way to New Orleans he traveled with Mr. Joseph M. Sollibellos, a friend, who interested himself to

19

effect a compromise of that suit. A compromise was entered into between Miltenberger and Barron, Judge Ryan, the attorney of the defendants, being present, by which the suit pending in the United States Court was dismissed, on condition that $7500 cash should be paid to Miltenberger, and a confession of judgment in his favor for $2500 should be given at the next term of the district court in Rapides parish. Joseph M. Sollibellos advanced the $7500 to pay Miltenberger, with the understanding that for that amount Mrs. Barron should confess judgment in his favor. At a term of the district court held in the parish of Rapides in May, 1869, Mrs. Barron confessed judgment in favor of Sollibellos for the amount loaned by him, and the judgment appears to have been written up by her former attorney. Subsequently, in October, 1873, when Sollibellos attempted to enforce this judgment Mrs. Barron injoined the execution, on the ground that the debt confessed was her husband's, and that the judgment was therefore a nullity.

The simple question presented for decision is, can a married woman compromise a law suit pending against herself? We apprehend no one will dispute her right to do so. And "transactions have, between the interested parties, a force equal to the authority of the things adjudged." It is difficult to imagine how it can be pretended, that the money loaned by Sollibellos, for the purpose of enabling the compromise to be effected, did not inure to her benefit. Nor can she be listened to when saying that the debt, on which Miltenberger had sued her, was the debt of her husband, for by the compromise they agreed to put an end to that law suit, to adjust their *differences* by mutual consent, in the manner which they agreed on and which each party preferred to the hope of gaining, balanced by the danger of losing.

The injunction was, therefore improvidently issued.

M. Ryan intervened in the suit and claimed a part of the mules seized, and G. W. Sentelle & Co. also intervened and claimed a vendor's privilege on all the mules and a privilege upon the crop. There was judgment in favor of the plaintiff in injunction and rejecting the intervenors' claims, and they and the defendant have appealed.

The interventions were improperly allowed in an injunction suit, which was to prevent the sale. If the intervenors have privileges they can only enforce them upon the proceeds of the sale of the property in the hands of the sheriff; and if any part of the property seized is claimed to belong to some one else than the debtor who injoined, that claimant's remedy is by injunction obtained according to law.

It is therefore ordered and adjudged that the judgment perpetuating the injunction be annulled, and that there be judgment against the plaintiff in injunction and her sureties, *in solido*, and in favor of Joseph

F. Sollibellos, dissolving the injunction and for ten per cent. on the amount of the judgment injoined as general damages, and costs in both courts.

It is further ordered that the judgment rejecting the intervenors' claims be reversed, and that there be judgment against them as in case of nonsuit, and for the costs of said intervention.

---

HOWELL, J., *dissenting.* As I understand articles 2398, 2412 R. C. C. and the jurisprudence relating thereto, I do not think a wife can any more bind herself, by the compromise of a suit against her for a draft of her husband, than she can by confessing judgment in such suit.

The law declares that she can not bind herself for debts contracted by him before or during the marriage, and this she can not do either directly or indirectly. The marital influence is just as potent in effecting a compromise, as a confession of judgment or execution of a notarial act, by which the wife is sought to be made responsible for a debt of the husband or community.

What can not be done directly can not be done indirectly, and a third person advancing or loaning the money to the wife for effecting a compromise of such a debt or suit obtains no more right against the wife than the original creditor.

I therefore dissent in this case.

Rehearing refused.